**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ashley Hagenkord, et al., | ) | No. CIV 06-2247-PHX-SMM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Continental Tire North America Inc., | ) | |
| Defendant. | ) | |

Pending before the Court is the parties' Stipulation for Entry of Protective Order. (Dkt. 20) Good cause appearing,

**IT IS HEREBY ORDERED** that all documents and other materials produced by defendant Continental Tire North America ("CTNA"), voluntarily or by Order of the Court, will be produced under the following conditions:

I.

A. The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business information and other commercially sensitive information of CTNA, and that CTNA has a protected proprietary interest in those materials.

B. If CTNA has a good faith factual and legal basis for asserting a privilege or exemption from public disclosure, CTNA may designate as "CONFIDENTIAL" the portion of any produced material it considers subject to its claim of privilege or exemption in

1  accordance with Section I.E, below. Such "CONFIDENTIAL" designation shall make the
2  designated portions of those produced materials and all copies, prints, summaries, or other
3  reproductions of such material subject to the Protective Order. This Protective Order shall
4  also apply to the specific pages and lines from oral depositions designated as
5  "CONFIDENTIAL" by CTNA in accordance with Section I.E.

6    C. When used in this Protective Order, the word "CONFIDENTIAL", means
7  designated research, development, and other confidential and/or proprietary information of
8  CTNA.

9    D. When used in this Protective Order, the term "CONFIDENTIAL MATERIAL"
10 means all designated written materials, computer documents, design drawings, mold
11 drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes,
12 answers to Interrogatories, responses to Request for Production, deposition transcripts,
13 documents produced by CTNA to any governmental agency or body such as the National
14 Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency
15 or body to be confidential pursuant to 49 C.F.R. § 512, or other similar regulations, and all
16 other designated tangible items which disclose "CONFIDENTIAL" information.

17   E. In order to designate a portion of any document or other printed material as
18 "CONFIDENTIAL," CTNA shall mark the designated pages of the material with the word
19 "CONFIDENTIAL" in a manner that does not cover, obscure, or impair the legibility or any
20 information contained within the material. In order to designate a computer database, disk,
21 compact disk, drive, or other electronically recorded material as "CONFIDENTIAL," CTNA
22 shall mark the case or envelope containing the material with the word "CONFIDENTIAL."
23 In the case of a deposition or oral examination, counsel for CTNA may, during or after the
24 deposition, designate on the record that testimony involving "CONFIDENTIAL
25 MATERIAL" be held as "CONFIDENTIAL," and the entire deposition transcript will be
26 treated as "CONFIDENTIAL" until counsel for CTNA receive a transcript of the deposition
27 and for thirty (30) days thereafter. After receipt of the deposition transcript, CTNA may
28 identify by page and line the portion of the material that CTNA intends to designate more

1  specifically as "CONFIDENTIAL" in a written letter served to all counsel of record within
2  thirty (30) days after receiving the written deposition transcript from the court reporter. Only
3  portions of the deposition transcript so designated by CTNA during this time period shall
4  remain "CONFIDENTIAL." Absent such more specific designation the entire transcript will
5  remain "CONFIDENTIAL."

6        F.      When used in this Protective Order, the term "COVERED PERSONS" includes
7  the following: (1) the Court and all Court personnel; (2) the named parties, other than CTNA
8  in this litigation; (3) the named counsel for all parties other than CTNA in this litigation,
9  including members of counsel's legal or support staff (i.e., in-house investigators, secretaries,
10 legal assistants, paralegals, and law clerks), to the extent reasonably necessary for such
11 persons to render assistance in this litigation; and (4) experts retained or consulted by counsel
12 for any party other than CTNA to assist in the preparation, prosecution, or evaluation of this
13 litigation. "COVERED PERSONS" does not include former employees of CTNA without
14 written permission of CTNA or a Court order.

15                               II.

16       Absent a further order of the Court, those documents marked as "CONFIDENTIAL,"
17 as described in Section I.C and I.D, shall not be used for any purpose other than the
18 prosecution or defense of this captioned action and shall not be shown, disseminated or
19 disclosed in any matter to anyone other than COVERED PERSONS without the prior written
20 agreement of CTNA or order of the Court after due notice to CTNA.

21                               III.

22       Before showing or divulging any "CONFIDENTIAL MATERIAL" or
23 "CONFIDENTIAL" information to any COVERED PERSON (except for the Court and all
24 Court personnel), counsel shall first obtain from each such person a signed "WRITTEN
25 ASSURANCE" in the form attached hereto as Exhibit "A". Counsel shall maintain a list of
26 all such recipients of "CONFIDENTIAL MATERIAL" to whom this paragraph applies and
27 the original of every "WRITTEN ASSURANCE" required pursuant to this paragraph.
28 Within twenty (20) days after the execution of the written assurance, parties shall forward

to counsel for CTNA each and every signed "WRITTEN ASSURANCE" and a list of recipients of "CONFIDENTIAL MATERIALS." Written assurances of non-testifying consulting experts will be filed with the Court under seal within twenty (20) days of execution. CTNA will be entitled to the assurances filed under seal if CTNA produces information that individuals, other than those revealed, are believed to have violated the Protective Order. CTNA will produce appropriate information and the individual's identity, if known, to the Court and plaintiffs' counsel before the assurances are unsealed. As used herein, consulting experts shall not include prior employees of CTNA.

## IV.

A.   If any "CONFIDENTIAL MATERIAL" is filed with this Court, including any pleading incorporating "CONFIDENTIAL MATERIAL," the original portion and Judge's copy of such filing containing "CONFIDENTIAL" material shall be filed in a sealed envelope on which the following legend shall prominently appear:

<u>HAGENKORD, ET AL. v. CONTINENTAL TIRE NORTH AMERICA ET AL. Cause No. CV06-2247-PHX-SMM; Confidential – This envelope contains documents or other material filed by Continental Tire North America. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>

B.   If, at any time of trial, counsel for any party attempts to introduce into evidence any information or document or portion thereof, which previously has been treated as "CONFIDENTIAL" pursuant to the provisions of this Protective Order, the Court may take

such steps as it deems reasonably necessary to preserve the confidentiality of the documents or information.

V.

Within ninety (90) days after the final disposition of the lawsuit, by settlement, trial, or appeal, counsel for the parties shall deliver to counsel for CTNA all documents marked "CONFIDENTIAL," including confidential depositions and any copies (except those determined by the Court or agreed by the parties not to be "CONFIDENTIAL") which have been disseminated to any "COVERED PERSONS." At that time, all written assurances that were under seal will be sent to CTNA's counsel. Parties and their counsel may retain pleadings, memoranda, declarations, affidavits, non-"CONFIDENTIAL" portions of the deposition transcripts, notes, summaries, expert reports, trial and hearing transcripts, or other attorney work product which does not refer to or describe "CONFIDENTIAL MATERIAL." References or descriptions of "CONFIDENTIAL MATERIAL" in any attorney work product document will be destroyed or obliterated and an affidavit that such has occurred will be submitted to counsel for CTNA.

VI.

In the event counsel for any party, in good faith, disputes the designation of any document as "CONFIDENTIAL," he or she will notify counsel for CTNA in writing within twenty (20) days. Any party then may seasonably apply to the Court for a determination that the document is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as "CONFIDENTIAL MATERIAL" pursuant to this Protective Order. Nothing in the Protective Order shall be constructed to

alter or shift the burdens of proof and persuasion as they apply to the assertion of privilege or exemptions from public disclosure.

## VII.

This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Nothing contained in this Protective Order shall in any manner change, alter or modify any of the rights of CTNA or any other party under any other orders issued by any other courts concerning the protection of "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL" information. Nothing in this Protective Order shall limit the rights of parties to apply for further protective orders or for modification of the terms of this Protective Order.

## VIII.

Breach of this Protective Order grants CTNA the right to pursue various forms of legal and equitable relief on experts and others. Such relief may be sought coextensively or cumulatively at the discretion of CTNA in order to protect its confidential information, trade secrets, and proprietary information, and avoid damages. A breach of this Protective Order can be considered a breach of the Arizona trade secret laws and the laws of various jurisdictions in which this Protective Order may apply.

## IX.

A breach of this Protective Order may have far reaching consequences beyond the jurisdiction of this Court and damage may occur in various jurisdictions in various degrees. As a result, CTNA is given a choice as to the appropriate venue to seek relief for breach of

this agreement in this jurisdiction, where the breach occurred, the domicile of the breaching party, and/or the jurisdiction where CTNA maintains any offices or designated agents.

X.

This Protective Order and its effect shall not be diminished or lost by the laws or regulations involving protective orders or the treatment of trade secret information under the laws of any other state.

XI.

This Court retains continuing jurisdiction even after the end of the litigation herein to enforce the provisions of this Protective Order and shall retain personal jurisdiction over the parties, their attorneys, and their experts to effectuate such purposes, as well as any experts or other covered persons or non-covered persons who have come into contact with "CONFIDENTIAL MATERIAL."

DATED this 26th day of July, 2007.

_____
Stephen M. McNamee
United States District Judge